IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON J. MAZZEI, ESQ., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1471 |
| | ) | Bankruptcy No. 14-00205 |
| NO RESPONDENT, | ) | |
| | ) | |
| Appellee. | ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON J. MAZZEI, ESQ., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1649 |
| | ) | Bankruptcy No. 12-11010 |
| NO RESPONDENT, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM ORDER

Presently before the Court are two related appeals brought by Jason J. Mazzei challenging Orders entered by the Bankruptcy Court transferring Bankruptcy No. 12-11010 from the Hon. Thomas Agresti to the Hon. Gregory J. Taddonio and denying, as moot, his motions to recuse Judge Agresti in that case and another Order denying his motion to recuse filed as to Judge Taddanio at Bankruptcy No. 14-205. Mazzei listed both appeals as having "No Respondent"; hence, no opposition has appeared in these cases. This Court previously dismissed another

1

action filed by Mazzei wherein he challenged earlier Orders by Judge Agresti and Chief Bankruptcy Judge Jeffrey Deller, dismissing the appeal, with prejudice, for failure to prosecute. *See Jason J. Mazzei, Esq. v. No Respondent*, Civ. A. No. 14-911, Docket No. 6 (W.D. Pa. Aug. 6, 2014). Unlike the prior matter, Mazzei has filed briefs in support of the present appeals. He has also requested that the Clerk of Court enter default as to the appeal filed at Civ. A. No. 14-1471 due to the alleged failure of the "bankruptcy order" to file a brief in opposition to his appeal. After careful consideration of the matters raised in both appeals, the Court will dismiss the appeals for lack of jurisdiction.

It is well settled that this Court retains jurisdiction to review appeals from final orders of the Bankruptcy Court. 28 U.S.C. § 158(a)(1). However, the United States Court of Appeals for the Third Circuit has held that orders denying motions to recuse are not final, appeal orders. *See In re Marasek*, 537 F. App'x 20, n.1 (3d Cir. 2013) (citing *City of Pittsburgh v. Simmons*, 729 F.2d 953, 954 (3d Cir. 1984)) (additional citation omitted). Rather, such motions are interlocutory in nature and interlocutory appeals are permitted only with leave of court consistent with 28 U.S.C. §§ 158(a)(3), and 1292(b) and Federal Rule of Bankruptcy Procedure 8004.

In short, it is clear from Mazzei's submissions that the matters in question are the subject of ongoing proceedings before the Bankruptcy Court. To this end, the Bankruptcy Court's dockets in said cases reflect that a Status Conference is set before Judge Taddonio on January 29, 2015. It is further apparent that Judge Taddonio has authored a written decision outlining his reasons for not recusing in the proceedings at Bankruptcy No. 14-205 and Judge Agresti authored

an opinion and provided a statement of reasons as to why the matter at Bankruptcy No. 12-11010 was transferred from him to Judge Taddonio, prompting him to deny the motions seeking his recusal, as moot. Yet, Mazzei has not sought leave of court to file interlocutory appeals of these matters nor addressed the necessary factors which must be established before the Court, in an exercise of discretion, may permit appeals from such interlocutory orders. *See* FED. R. BANKR. P. 8004 ("A motion for leave to appeal under 28 U.S.C. § 158(a)(3) must include the following: (A) the facts necessary to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why leave to appeal should be granted; and (E) a copy of the interlocutory order or decree and any related opinion or memorandum.").

This Court also sees no basis to *sua sponte* grant Mazzei leave to proceed to appeal the interlocutory orders. Indeed, although Mazzei is presently suspended from the practice of law in a number of jurisdictions, including, the Commonwealth of Pennsylvania, the U.S. Bankruptcy Court for the Western District of Pennsylvania and this Court, and is acting *pro se* in these appeals, he is trained as an attorney and should be expected to follow the required procedures in his cases. *See e.g., Mazzei*, Civ. A. No. 09-111, Docket No. 6 ("Jason Mazzei, Esquire is an attorney prosecuting this appeal on his own behalf and is thus personally responsible for the failures to timely file his appellate brief in this matter in accordance with the Federal Rules and to timely respond to this Court's Show Cause Order"). Accordingly, the Court will dismiss Mazzei's appeals for lack of jurisdiction and deny, as moot, his improvidently filed request for default judgment in an appeal to which he listed "No Respondent" as the opposing party on his

3

Notice of Appeal.

For these reasons,

IT IS HEREBY ORDERED that Mazzei's appeals filed at Civ. A. Nos. 14-1471 and 14-1649 are DISMISSED, for lack of jurisdiction;

IT IS FURTHER ORDERED that the Request for Default filed at Civ. A. No. 14-1471 (Docket No. [5]) is DENIED, as moot; and,

IT IS FURTHER ORDERED that the Clerk of Court shall mark both cases CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer,
United States District Judge

Date:	January 12, 2015

cc/ecf:	Jason J. Mazzei, *pro se*
	Hon. Gregory J. Taddonio, U.S. Bankruptcy Judge